

**NUMBER 13-08-00395-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RAUL LEAL MESA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

---

**On appeal from the 347th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Chief Justice Valdez**

On April 28, 2000, appellant, Raul Leal Mesa, was charged by indictment with unlawful possession of a controlled substance—heroin—in an amount exceeding four grams but less than 200 grams, a second-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Vernon Supp. 2009); *see id.* § 481.102(2) (Vernon Supp. 2009) (listing heroin in "Penalty Group I"). Pursuant to a plea agreement with the State, Mesa pleaded guilty to the offense. The trial court sentenced Mesa to ten years' incarceration in the

Institutional Division of the Texas Department of Criminal Justice, suspended the sentence, placed Mesa on community supervision for a period of ten years, and imposed a $500 fine and $497.25 in court costs.

On November 14, 2000, the State filed an original motion to revoke Mesa's community supervision alleging that Mesa violated several terms of his community supervision, including, among other things, consuming cocaine and failing to pay court costs and the imposed fine. Mesa pleaded "true" to all of the allegations contained in the State's original motion to revoke, and the trial court ordered that Mesa be sanctioned to term confinement and treatment in the Substance Abuse Felony Punishment Facility ("SAFPF") in the Nueces County jail.[1]

On August 15, 2002, the State filed a second motion to revoke Mesa's community supervision alleging that Mesa submitted a positive urinalysis for cocaine and failed to submit to additional drug treatment at the Transitional Treatment Center. Mesa pleaded "true" to the allegations made in the State's second motion to revoke, and the trial court imposed a second set of sanctions which required that Mesa: (1) be placed in an intensive or maximum probation program; (2) return to the Transitional Treatment Center; and (3) participate in weekly urinalysis.

On May 20, 2003, the State filed a third motion to revoke, alleging that Mesa had: (1) once again submitted positive urinalyses for cocaine on March 24, 2003 and April 8, 2003; (2) failed to report to his probation officer on April 22, 2003;[2] and (3) failed to attend

---

[1] According to Mesa's counsel at the hearing on the State's third motion to revoke, Mesa successfully completed the SAFPF program and received additional treatment at the Transitional Treatment Center in Corpus Christi, Texas.

[2] At the hearing on the State's third motion to revoke, Mesa's probation officer testified that: (1) she had not heard from Mesa since 2003; (2) because Mesa failed to report to his probation officer, he was in violation of his community supervision and was thus classified as an absconder; and (3) law enforcement attempted to execute a warrant at Mesa's last known address on May 13, 2004, but Mesa was nowhere to be found. Mesa also testified at the hearing. He noted that he was arrested on April 17, 2008, while trying

2

meetings at the Transitional Treatment Center. Mesa pleaded "true" to the allegations contained in the State's third motion to revoke, and the trial court revoked Mesa's community supervision, reinstated his original ten-year sentence, and reduced the sentence to five years' confinement with no fine. This appeal ensued.

Mesa's appellate counsel, concluding that the appeal in this cause is "wholly frivolous," filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Mesa's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no points of error upon which an appeal can be predicated. In his brief, counsel addresses three possible points of error: (1) whether Mesa received adequate notice of the State's third motion to revoke; (2) whether any reversible error occurred at the hearing on the State's third motion to revoke; and (3) whether the trial court properly sentenced Mesa. Counsel concludes, however, that these issues lack merit and that any appeal in this case would be "wholly frivolous." Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing on appeal. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Mesa's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1)

to procure social security benefits and admitted that he ran from authorities because he had "messed up" and was probably going to be sentenced to imprisonment.

examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Mesa, and (3) informed Mesa of his right to review the record and to file a pro se response.[3]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Mesa has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Mesa's attorney has asked this Court for permission to withdraw as counsel.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Mesa and advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
15th day of April, 2010.

---

[4] No substitute counsel will be appointed. Should Mesa wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.